UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff

v.   CIVIL NO. 05-1260(DRD)

WILFREDO LOPEZ MORALES,
Defendant

## OPINION AND ORDER

Pending before the Court is the defendant, Wilfredo Lopez Morales *Application for Appointed Counsel* (Docket No. 2) moving the Court to appoint counsel in its Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. §2255.

The Court begins by briefly summarizing the procedural background of this case. Wilfredo Lopez Morales was convicted of Motor Vehicle Theft and Carjacking and Conspiracy to Defraud the United States and Murder. On October 30, 1998 Judgment was entered (Docket No. 686 CR 95-235-4) and Lopez Morales was sentenced to a term of life imprisonment as to each Count 1 and 2 to be served concurrently with each other, to be followed by five years of supervised release. On that same date, Lopez Morales filed a Notice of Appeal and on January 31, 2000, the Appeals Court confirmed the convictions but vacated the sentence imposed on Count 2 and remanded to the District Court for re-sentencing. On April 12, 2000, the undersigned instructed the defendant that in order to file a Certiorari before the United States Supreme Court, its request for the appointment of counsel had to be filed before the Court of Appeals for the First Circuit (Docket No. 732). The record does not reveal whether the defendant pursued his claims before the United States Supreme Court.

Federal convictions become final, for purpose of calculating the one-year period in which defendants may move to vacate under §2255, when time expires for filing a petition for certiorari contesting an appellate court's affirmation of conviction. Clay v. United States, 537 U.S. 522 (2003). Plaintiff's 90 day period to seek a certiorari expired on May 2, 2000. Thus, the one-year period for filing a §2255 petition expired on May 2, 2001. The petitioner made his first appearance on March 9, 2005 requesting this Court to vacate said sentence (Docket No. 1 CR 95-235-4). That motion and the §2255 petition were filed more than one year past the deadline which expired on November 6, 2001. Thus, his §2255 petition on ineffective assistance of counsel and admissibility of evidence is time-barred. There are three enumerated possible extensions to the one year limitations period. None apply. The 2255 petition lacks any allegation that the government imposed an impediment to timely filing the petition; the current 2255 claim does not rely on newly discovered evidence and no newly recognized right has been given retroactive application by the Supreme Court. *See* 28 U.S.C. §2255.

Therefore, Petitioner Wilfredo Lopez Morales *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1), and Morales' *Application for Appointed Counsel* (Docket No. 2) are consequently **DENIED** as the claim is time barred by a term of almost four (4) years.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 27TH day of May 2005.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE